FREDERICK M. BOLLES, PROSECUTOR, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK.

Argued February 24, 1911—Decided June 23, 1911.

An act entitled "An act to regulate and control the business of the making of loans on pledges of personal property, chattel mortgages, or assignments of salary or wages" (*Pamph. L.* 1910, *p.* 466), by which in cities of the first class a minimum annual license fee of $500 is imposed upon each person engaged in conducting such business, is a taxing or revenue raising statute, which object not being expressed in its title the act is invalid under article 4, section 7, paragraph 4 of the constitution.

On *certiorari*.

Before Justices GARRISON, PARKER and VOORHEES.

For the prosecutor, *Gilbert Collins*.

For the defendant, *Herbert Boggs*.

The opinion of the court was delivered by

GARRISON, J.    The head-note really says about all that needs to be said by way of stating the ground of decision in this case.    While the writ brings up an ordinance adopted under the power conferred by the statute cited in the syllabus the prosecutor attacks only the statute.    We have considered but one of many contentions and that is that the act is invalid as a taxing act because the title does not express such

object. That the act is a taxing act in the sense of a revenue raising measure is perfectly clear from the fact that its minimum annual charge is $500 in cities of the first class. If there are in the city of Newark no more than a bare score of persons engaged in the business described in the title of this act, the annual revenue from this source will be $10,000, a sum so utterly disproportionate to the cost of printing a score of blanks and filling in the names of as many licensees that it cannot be said with any show of reason to be merely incidental or inadvertent or anything but one of the objects for which the act was passed. Especially must this be so when we consider that the business on which this impost is annually levied is a lawful one that has no tendency to disturb the public peace or to call for the expenditure of public moneys for policing it. How an annual fee of $500 tends to the regulation of such a business is not perceived any more than how an annual poll tax of a like sum would tend to regulate elections or to purify the ballot. The title of the act therefore violates article 4, section 7, paragraph 4 of the constitution, both in letter and spirit; in letter because the taxing object is not expressed therein; in spirit because neither legislators nor citizens who concurred in the propriety of the legislative regulation of such business have had any notice from its title that this act was a revenue raiser of relatively enormous proportions.

The ordinance is set aside.